CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Rafael Arroyo, Jr.


Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com
Attorneys for Defendants

Attorney for Defendants Best California Gas, Ltd.,
Platinum Springs, LLC and Horizon Investment
Group, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,** | |
| Plaintiff, | Case No. 2:19-cv-02588-CJC-KS |
| v. | |
| **Best California Gas, LTD**, a California Limited Partnership; **Platinum Springs, LLC**, a California Limited Liability Company; **Horizon Investment Group, Inc.**, a Nevada Corporation; and Does 1-10, | **Joint Rule 26(f) Report**  Honorable Judge Cormac J. Carney |
| Defendants | |

1

1  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties
2  hereby submit the following proposed Joint Report.

3

4  **a)      Statement of the Case**

5      <u>Plaintiff</u>: Rafael Arroyo, Jr. is a paraplegic who cannot walk and who
6  uses a wheelchair for mobility. Defendants Best California Gas, LTD and
7  Platinum Springs, LLC own the real property located at or about 10808
8  Lakewood Blvd., Downey, California. Defendant Horizon Investment
9  Group, Inc. owns Arco ("Gas Station") located at or about 10808
10 Lakewood Blvd., Downey, California.

11     On the date of the plaintiff's visit, the defendants did not provide
12 accessible paths of travel in conformance with the ADA Standards. There
13 was no safe wheelchair accessible route of travel from the boundary of the
14 site to the entrance of the Gas Station store.

15     The defendant's failure to provide for accessible path of travel at the
16 Gas Station is discriminatory against the plaintiff. Defendant violates
17 plaintiff's rights under the American with Disabilities Act and the Unruh
18 Civil Rights Act, and therefore, he seeks injunctive relief and the statutory
19 minimum damages award.

20     <u>Defendants</u>: Plaintiff is correct that Best California Gas, Ltd. ("Best
21 California Gas") holds a fee interest in the real property commonly known
22 as 10808 Lakewood Blvd., Downey, California ("Property").  However,
23 contrary to Plaintiff's claim above, Platinum Springs, LLC ("Platinum
24 Springs") does not hold any fee interest in the Property (nor does it lease or
25 operate the Property).  Furthermore, and also contrary to Plaintiff's claim
26 above, Horizon Investment Group, Inc. ("Horizon Investment Group")
27 does not own the ARCO-branded service station at the Property; rather, it
28 operates the same.

1    This case is a repeat of a prior case ADA that Plaintiff's counsel
2    (Center for Disability Access) filed against these same three defendants
3    last year in this Court in the case entitled *Luis Villegas v. Best California Gas,*
4    *Ltd., Platinum Springs, LLC and Horizon Investment Group, Inc.*, Case
5    #2:18-cv-01777-AFM (the "Prior Case"), in which the undersigned also
6    represented all the defendants.  In the Prior Case, plaintiff Luis Villegas
7    alleged there were several ADA barriers at the Property, including an
8    alleged lack of an accessible path of travel from the sidewalk (just as
9    Plaintiff Rafael Arroyo now alleges in this case).  The Prior Case settled, and
10   while the parties' duties and obligations under that settlement are
11   confidential, there is nothing confidential about the fact that the
12   defendants were not required to make any modifications to the Property in
13   response to Mr. Villegas' allegation in the Prior Case that the path of travel
14   from the sidewalk was not accessible (presumably because Mr. Villegas
15   realized that claim was without merit).  So now Mr. Villegas' *same* law firm
16   (Center for Disability Access) has refiled this case in the *same* Court against
17   the *same* defendants regarding the *same* path of travel issue at the same
18   location, the only difference is they are now using Mr. Arroyo as their
19   plaintiff.  According to PACER, Mr. Arroyo is the plaintiff in 91 open and
20   pending case in the Central District alone.

21   As for the allegation that the Property lacks an accessible path of
22   travel from the sidewalk, such allegation is without merit.  As the
23   undersigned advised Plaintiff's counsel (Center for Disability Access) in
24   the Prior Case several times, there is an accessible route (defined in the
25   ADA as being a "continuous, unobstructed path") from the sidewalk along
26   Imperial Highway to the entrance to the convenience store at the Property.
27   "Accessible route" does not mean, nor require, the path actually be marked
28   with "cross-hatching" or the like.  Here, there is an area that is

approximately 64 inches wide near the driveway along Imperial Highway that provides unobstructed access from the sidewalk (near the bus stop) onto the Property. After using this 64 inch-wide area to enter onto the Property from the sidewalk, a disabled patron would then use his/her wheelchair to proceed in a straight line to the ramp to the convenience store at the Property. It is true that wheelchair users would be proceeding behind cars parked in the stalls once on the Property, but there is no ADA regulation or standard that prohibits the same.

**b)    Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

This Court has the authority to exercise supplemental jurisdiction over the claims brought under the California Unruh Civil Rights Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident. Defendants urge the Court to not exercise this supplemental jurisdiction for the reasons set forth above in section (a) and set forth below in section (r).

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**c)    Legal Issues**

Plaintiff: The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the

4

barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

Defendants: The key legal issues include: (1) whether there was an accessibility barrier as alleged in the Complaint, and (2) if there was an accessibility barrier as alleged in the Complaint, whether Plaintiff is entitled to statutory damages based upon Plaintiff's state law claim regarding the same (which requires Plaintiff to establish he suffered "difficulty, discomfort or embarrassment" because of any such accessibility barrier).

**d)     Parties and Non-Party Witnesses**

Plaintiff: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigator for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The only documents that the plaintiff has would be photographs taken by Evens Louis.

Defendants: Defendants' expected witnesses include Plaintiff, persons that can authenticate photographs of and/or otherwise testify about the nature of the alleged accessibility barrier at the Property, and Defendants' expert(s).  Potential evidence includes photographs and plans of the Property.  Defendants have previously filed Notices of Interested Parties (Docket #12 and #20) identifying the named parties in this action, as well as Tesoro Refining & Marketing Company LLC, as interested parties.

//
//

**e)     Damages**

Plaintiff claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000 per offense.

**f)     Insurance**

No insurance coverage at issue.

**g)     Motions**

<u>Plaintiff</u>: does not believe it likely that he will seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants</u>: Defendants do not agree with Plaintiff's interpretation of *Doran* and *Chapman*.  Defendants may file a Motion for Summary Judgment.

**h)     Manual for Complex Litigation**

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

*//*

**i)      Status of Discovery**

Plaintiff: intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

Defendants: Defendants intend to seek, via written discovery and depositions, discovery regarding Plaintiff, Plaintiff's visit(s) to the Property, Plaintiff's reason for visiting the Property, Plaintiff's communications with plaintiff Luis Villegas regarding the Prior Case, as well as all other issues relevant to their defense.

**j)      Discovery Plan**

1. Disclosures

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures by May 30, 2019.

2. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible path of travel at the Gas Station; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

Defendants: Defendants intend to seek, via written discovery and depositions, discovery regarding Plaintiff, Plaintiff's visit(s) to the Property, Plaintiff's reason for visiting the Property, Plaintiff's communications with plaintiff Luis Villegas regarding the Prior Case, as well as all other issues relevant to their defense.

### 3.  Changes in Limitations on Discovery

Plaintiff: requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendants: Typically, the undersigned does not oppose this request by Plaintiff's counsel (Center for Disability Access).  Here, however, these same defendants already provided plenty of discovery responses to the Center for Disability Access in the Prior Case.  For that reason, the Court should not increase the limits on discovery in this case.

**k)   Non-Expert Discovery**

Plaintiff: proposes a final discovery completion date for non-expert discovery of April 13, 2020.

Defendants: To ensure orderly case management, Defendants believe the non-expert discovery cut-off should be *before* the disclosure of expert witnesses.  Hence, Defendants propose an earlier non-expert discovery cut-off of March 2, 2020, which is 3 weeks before the proposed deadline for the initial disclosure of Expert Witnesses.

**l)    Expert Discovery**

Plaintiff: proposes Initial disclosure of Expert Witnesses date of March 23, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of April 20, 2020.  The date of completion of expert witness depositions is proposed to be May 4, 2020.  The date for Expert cut-off is proposed to be May 4, 2020.

Defendants: Defendants do not oppose the proposed March 23, and April 20 dates for initial and rebuttal expert disclosures (nor do Defendants

oppose the proposed date of May 4, 2020 for completing expert depositions). However, Defendants believe the expert cut-off (which Defendants presume includes the deadline for hearing discovery motions regarding experts) should be eight (8) weeks (here, June 15, 2020) *after* the deadline for the disclosure of expert rebuttal witnesses (here, April 20, 2020). A June 15, 2020 deadline for hearing motions regarding experts is still sufficiently in advance of the proposed July 28, 2020 trial date, and is necessary given the need to meet and confer before preparing and filing an expert discovery motion (which requires *at least* 18 days under Local Rule 37), plus the additional 21 days required to notice an expert discovery motion, plus the fact the parties should have at least 14 days after the disclosure of rebuttal expert witnesses to depose rebuttal expert witnesses.

**m)   Dispositive Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants</u>: Defendants may file a Motion for Summary Judgment.

**n)   Settlement**

The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

**o)   Trial Estimate**

<u>Plaintiff</u>: anticipates a 2-3 day bench trial.

<u>Defendants</u>: Based upon the alleged barrier presently and specifically pled in the Complaint, Defendants concur with this time estimate.  Defendants estimate calling 3-4 witnesses.

**p)     Trial Counsel**

Trial counsel for the Plaintiff is Dennis Price.
Trial counsel for Defendant is Douglas Gravelle.

**q)     Independent Expert or Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**r)     Other Issues**

Plaintiff: There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

Defendants: The undersigned counsel has significant concerns about how Plaintiff's counsel (Center for Disability Access) manages cases. This concern stems from the undersigned's handling of many cases filed by Center for Disability Access over the years.  In essence, the Center for Disability Access "silos" each attorney to do very discrete, similar tasks over hundreds and hundreds of cases.  For example, one attorney handles Rule 26 telephone conference, another attorney handles Court appearances, another attorney handles depositions, another attorney handles discovery responses, another attorney handles discovery disputes, another attorney handles mediations, and another attorney handles pre-trial preparation.  In these relatively simple ADA cases, it is not uncommon

10

1    to deal with six (6) different attorneys at the Center for Disability Access
2    over the course of the case (the undersigned dealt with at least five (5)
3    different attorneys at the Center for Disability Access in the Prior Case).
4    The problem with this "silo" approach is that it makes settlement any time
5    before the eve of trial very difficult because no one attorney at the Center
6    for Disability Access "owns" the case or goes home at night thinking about
7    how to resolve the case.  Rather, each just does his or her little part in the
8    big assembly line with little concern about resolution.  The Center for
9    Disability Access may claim that Phyl Grace handles all settlements.  But
10   Ms. Grace, according to the most current PACER search, currently has 711
11   open cases (in just the Central District alone), so she realistically cannot
12   devote the time that is necessary to settlement.  Another problem with this
13   "silo" approach is that it creates a constant stream of errors and
14   miscommunications by the Center for Disability Access.  For example, in
15   this case already, the Center for Disability Access filed a Request for Entry
16   of Default against Platinum Springs (Docket #13) even though Platinum
17   Springs had already timely filed an Answer (Docket #11).  The solution?
18   The Court should require Center for Disability Access to designate one lead
19   attorney and one backup attorney to handle ALL matters in this case
20   (including discovery, court appearances, settlement discussions,
21   mediations, pre-trial preparation, trial, etc.).  The undersigned counsel for
22   the defendants handles all such matters in this case for the three
23   defendants, with one partner on backup in case of a sickness, scheduling
24   conflict, etc.  There is no reason why Plaintiff's counsel (Center for
25   Disability Access) cannot do the same.
26       Plaintiff's Response: Plaintiff's counsel takes issue with the
27   misrepresentation by Defendant of the delegation system utilized by its law
28   firm. This court, as our federal courts across the state are aware, Center for

11

Disability Access settles numerous cases at all stages of the case, not "on the eve of trial" as Defendant suggests. This is a peculiarity for matters handled by Mr. Gravelle due to his litigation style. However, despite the inaccuracies and exaggerations employed by Defendant, the entire discussion is misplaced, as it is settled law that the Defendant and the Court ""may not attempt to impose its own judgment regarding the best way to operate a law firm." *Moreno v. City of Sacramento* (9th Cir. 2008) 534 F.3d 1106, 1114-15. Should this matter continue through to a request for attorney's fees, Defendant will have the ability to critique the reasonability of any request, however Plaintiff and his counsel controls the staffing decisions on his case.

**s)    Patent Cases**

N/A

**t)    Do the parties wish to have a Magistrate Judge preside?**

<u>Plaintiff</u>: Plaintiff does not consent to have a Magistrate Judge preside over this case at this time.

<u>Defendants</u>: Defendants have no objection to a Magistrate Judge presiding over the case.

1

2   Dated: May 30, 2019                    CENTER FOR DISABILITY ACCESS

3

4

5

6                                          By: */s/Dennis Price*
                                           Dennis Price
7                                          Attorney for Plaintiff Rafael Arroyo, Jr.

8

9

10  Dated: May 30, 2019                    HINSON GRAVELLE & ADAIR LLP

11

12

13                                         By:  */s/Douglas A. Gravelle*
                                           Douglas A. Gravelle
14
                                           Attorney   for   Defendants   Best
15                                         California Gas, Ltd., Platinum Springs,
                                           LLC and Horizon Investment Group,
16                                         Inc.

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: May 30, 2019                    CENTER FOR DISABILITY ACCESS


By:  */s/Dennis Price*
Dennis Price
Attorney for Plaintiff

14

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Plaintiff Requests | Defendants Request (if different than Plaintiff's Request) |
|---|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 2/3/2020 | 30 days after Scheduling Order issued |
| Non-Expert Discovery Cut-Off | 15 | 4/13/2020 | 3/2/2020 |
| Expert Discovery Cut-Off | 12 | 5/4/2020 | 6/15/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 5/18/2020 | |
| Last Day for Law and Motion Hearings | 8 | 6/1/2020 | |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 7/13/2020 | |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 7/20/2020 | |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 7/24/2020 | |
| Trial **(Tuesday at 9:00 a.m.)** | | 7/28/2020 | |

Joint Report of Counsel                                                  2:19-cv-02588-CJC-KS